```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     WESTERN DIVISION


TODD MASSEY                                      PLAINTIFF

VS.                        CIVIL ACTION NO. 5:11-cv-60(DCB)(JMR)

UNITED STATES OF AMERICA                         DEFENDANT
```

<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the Court on defendant United States of America's Motion to Reconsider Order Denying Motion for Summary Judgment **(docket entry 49)**.  Having carefully considered the motion and the plaintiff's response, as well as the memoranda and applicable law, and being fully advised in the premises, the Court finds as follows:

In its motion, the United States seeks reconsideration of this Court's February 14, 2013, Order denying the defendant's motion for summary judgment without prejudice and allowing the plaintiff to take the deposition of Dr. Norma Natal.  The government contends that "[p]ursuant to federal law, a government employee cannot serve as an expert (except on behalf of the United States) in a matter in which the United States is a party absent authorization by the employee's agency."  United States' Memorandum, p. 2.

The Court begins with the idea that "to maintain the system of justice used in this country, it is necessary that all relevant evidence be made available for the resolution of disputes, unless there are public policy reasons for excluding evidence in specific

situations." <u>Wright v. Jeep Corp.</u>, 547 F.Supp. 871, 873 (E.D. Mich. 1982).   "'[T]he public ... has a right to every man's evidence,' except for those persons protected by a constitutional, common-law, or statutory privilege." <u>United States v. Nixon</u>, 418 U.S. 683, 709 (1973)(quoting <u>Branzburg v. Hayes</u>, 408 U.S. 665, 688 (1972)).

The "federal law" cited by the government is a regulation, 5 C.F.R. § 2635.805(a), promulgated under the Ethics in Government Act, whose stated purpose is "to prevent corruption and other official misconduct before it occurs, as well as penalizing it once it is uncovered." S.Rep. No. 170, 95th Cong., 2d Sess. 31 (1978), reprinted in 1978 U.S.C.C.A.N. 4216, 4247. The government contends that since the Bureau of Prisons has not authorized Dr. Natal to testify as an expert witness, her testimony is expressly prohibited by the ethics regulation.

The Supreme Court has stated that "[j]udicial control over evidence in a case cannot be abdicated to the caprice of executive officers." <u>United States v. Reynolds</u>, 345 U.S. 1, 9-10 (1953). In <u>Sperandeo v. Milk Drivers</u>, 334 F.2d 381 (10th Cir. 1964), the Tenth Circuit Court of Appeals held: "It is for the Court, and not the government agency or executive branch, to determine whether documents sought to be withheld under a claim of privilege are entitled to the protection of that privilege." <u>Id</u>. at 384.

In <u>McElya v. Sterling Medical, Inc.</u>, 129 F.R.D. 510 (W.D.

Tenn. 1990), a medical malpractice action, the United States Navy sought to prevent a navy doctor from offering expert testimony during a deposition on the grounds that such testimony might violate a criminal ethics provision. Id. at 512. The district court refused to let the regulation govern discovery in the case, and noted that the regulation did not give the agency head "the authority to create a general privilege that anyone under his current or former jurisdiction shall decline to produce evidence to an adverse litigant or court unless the agency head decides that it should be produced." Id. at 514. The court further held that "[t]here is certainly no privilege with respect to [the navy doctor] giving an expert opinion." Id.

The government has not cited any case requiring a federal court to quash a subpoena of an agency employee based on a regulation restricting that employee's testimony without agency permission. In Dean v. Veterans Administration, 151 F.R.D. 83 (N.D. Ohio 1993), the VA contended that a VA physician's expert testimony was expressly prohibited by 5 C.F.R. § 2635.805 because the agency had not authorized him to testify as an expert witness. The district court held:

> Requiring this Court to quash the subpoena based on 5 C.F.R. § 2635.805, is tantamount to permitting the ethics regulation to restrict this Court's broad discovery powers under Rules 30 and 34 of the Federal Rules of Civil Procedure. There is no authority for that type of restriction.
>
> .    .    .

The VA has presented no evidence that the regulation was meant as anything other than a guide for employee action and an attempt to eliminate misconduct.  There is no authority for enforcing such a provision in the midst of unrelated civil litigation.  This Court declines to allow an employee ethics regulation to curb its own discovery power under Rules 30 and 34.

Id. at 86-87.

The Court therefore finds that 5 C.F.R. § 2635.805 cannot serve to prohibit the deposition of Dr. Natal.[1]

As further grounds for its motion, the government states (1) that "Dr. Natal, as a Bureau of Prisons employee, does not want to testify or otherwise serve as an expert for Plaintiff," United

---

[1] In Young v. United States, 181 F.R.D. 344 (W.D. Tex. 1997), the district court cautioned:

This conclusion does not mean, however, that federal employees are free to testify as expert witnesses against the United States in federal court without first obtaining the permission of their employing agencies.  Testimony contrary to the provisions of 5 C.F.R. § 2635.805 invites prosecution for a violation of the Ethics In Government Act, 18 U.S.C. § 207. Moreover, because of the possibility of prosecution, a federal employee whose testimony would violate 5 C.F.R. § 2635.805 may invoke his Fifth Amendment privilege against self-incrimination in order to avoid giving testimony which could subject him to prosecution.  Cf. United States v. Kordel, 397 U.S. 1, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970).  In other words, the Government has the power to criminalize unauthorized, non-compelled expert testimony by its employees, and the employees have a right to avoid criminal prosecution by invoking the Fifth Amendment.  Ultimately, however, the decision to invoke the Fifth Amendment's privilege must rest in the hands of the witness, and not in the hands of the witness's employer – even if that employer is the United States.

Id. at 347-48.

4

States' Motion to Reconsider, p. 1; (2) that the plaintiff did not designate Dr. Natal as an expert; and (3) that the plaintiff did not take Dr. Natal's deposition prior to the filing of the government's motion for summary judgment.   United States' Memorandum, p. 1.   Grounds (2) and (3) were addressed in the Court's previous Order.   To the extent the defendant moves for reconsideration on these issues, the Court finds no new arguments by the government and will not reconsider on that basis.

Ground (1) implies that Dr. Natal is claiming a privilege other than 5 C.F.R. § 2635.805.   The government cites <u>Young v. United States</u>, 181 F.R.D. 344 (W.D. Tex. 1997) for the proposition that "[a] treating physician cannot be compelled to serve as an expert for a party where the physician does not wish to do so." United States' Memorandum, p. 3.   The district court in <u>Young</u> observed that "Federal Rule of Civil Procedure 45(c) adequately protects government witnesses from being called to testify as expert witnesses against their will," and that "[u]nder Rule 45(c)(3)(B), a court may quash or modify a subpoena which calls for testimony by an unretained expert."

The government is correct insofar as "expert witnesses" and "unretained experts" are concerned.   But <u>Young</u> also clearly states that treating physicians are not to be considered expert witnesses or unretained experts where their testimony is based solely on their own activities or observations:

> [I]t is a well-settled rule of law that employee-experts who acquire information for trial solely because they were actors or viewers with respect to the occurrences forming the subject matter of the lawsuit must be treated as ordinary fact witnesses, and <u>not</u> as experts.

<u>Young</u>, 181 F.R.D. at 346 (emphasis in original)(citing <u>Dallas v. Marion Power Shovel Co., Inc.</u>, 126 F.R.D. 539, 540-41 (S.D. Ill. 1989).  Regarding a treating physician specifically, she "must be considered an ordinary fact witness, and should not be considered an expert unless the physician has been <u>specifically retained</u> to develop an expert opinion."  <u>Id</u>. (emphasis in original)(citing <u>Salas v. United States</u>, 165 F.R.D. 31, 33 (W.D. N.Y. 1995)) (additional citations omitted).  The <u>Young</u> court further explained:

> These witnesses acquired knowledge of this case by direct observation, not later consultation.  <u>Dallas</u>, 126 F.R.D. at 539-41.  They have not been specifically retained to develop expert opinions, as neither the Plaintiffs nor the Defendant has paid them to become experts for purposes of this litigation.  <u>Salas</u>, 165 F.R.D. at 33.

<u>Id</u>.

Although she is not an "expert" for purposes of litigation, a treating physician "can be asked questions that implicate [her] expertise, but cannot be asked questions that do not relate to [her] treatment."  <u>Id</u>.  Her testimony must be based on her personal knowledge of the examination, diagnosis and treatment of a patient.  <u>Id</u>. (citing <u>Baker v. Taco Bell Corp.</u>, 163 F.R.D. 348, 349 (D. Colo. 1995)).  As long as her testimony is limited to her examination, treatment and diagnosis of her patient, the treating physician can be asked questions which implicate her expertise.  <u>Id</u>.  In <u>Young</u>,

the court provided an example of the types of questions allowed:

> The Plaintiffs in this case wish to ask several questions to the treating physicians about craniopharyngioma. It is proper for the Plaintiffs to ask these physicians whether or not they knew at the time of treatment about craniopharyngioma – such a question goes to the knowledge of the physician at the time of treatment. It is also proper to ask these physicians whether or not they considered craniopharyngioma as a possible diagnosis – such a question goes to the medical issues involved in diagnosis. And, if the witnesses say that they had considered and rejected a diagnosis of craniopharyngioma, then it would be proper for the witnesses to be closely questioned about why, in their expertise, craniopharyngioma was rejected – these questions again would go to the medical issues involved in diagnosis.

Id. At 347.

In this case, plaintiff's counsel acknowledges that he intends to question Dr. Natal regarding her personal knowledge arising out of the examination, diagnosis and treatment which she rendered to the plaintiff, including questions that implicate her expertise regarding medical issues (such as causation) involved in the examination, diagnosis and treatment, as authorized in this Court's Order of February 14, 2013. Inasmuch as the plaintiff intends to limit his deposition of Dr. Natal to questions of the type authorized under Young, the Court finds that the plaintiff does not intend to utilize Dr. Natal as an "expert" without her consent. The motion for reconsideration shall also be denied on that basis.

Accordingly,

IT IS HEREBY ORDERED that defendant United States of America's Motion to Reconsider Order Denying Motion for Summary Judgment

**(docket entry 49)** is DENIED.

SO ORDERED, this the 12th day of March, 2013

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE